UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PRICE,

       Petitioner,                                    Case Number 21-11285
                                                  Honorable David M. Lawson

v.

THE PEOPLE OF THE STATE OF
MICHIGAN,

       Respondent.
_____/

## **OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Michigan prisoner Robert Price has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He raises four grounds for relief but acknowledges that not all of them were presented to the state court. Because Price has sufficient time to return to state court and present those claims before the statute of limitations expires on his right to file a habeas corpus petition, the Court will dismiss this petition without prejudice.

I.

Price pleaded guilty in 2019 in the Montcalm County, Michigan circuit court to operating a motor vehicle under the influence of intoxicating liquors — third offense. In 2020, he was found guilty of violating the terms of his probation, and he was sentenced to a prison term of 14 months to five years.

The habeas petition raises four claim: (1) the prosecutor was vindictive, Price was coerced to plead guilty, and the plea agreement was violated, (2) Price was denied the effective assistance of trial counsel, (3) the trial court abused its discretion either at the probation violation hearing or at sentencing, and (4) the trial court erroneously departed from the sentencing guidelines. Price

acknowledges in the petition that he did not exhaust his first two claims in the state courts. He says that he asked his appellate counsel to raise these claims, but his "attorney argued against it."

II.

As an initial matter, the proper respondent in a habeas case brought by an incarcerated prisoner is the warden of the prisoner's facility. *See* Rule 2(a), 28 U.S.C. § 2254. Price's custodian is Becky Carl, the acting warden at the St. Louis Correctional Facility where Price is confined. Price should keep that in mind if he attempts to return to this Court with a properly exhausted habeas petition.

Price filed his habeas corpus petition on May 21, 2021. When a prisoner files a petition for habeas corpus, the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration of the petition and including any annexed exhibits, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state court remedies. 28 U.S.C. § 2254(b)(1)(A), (c). The

exhaustion doctrine requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Price has not carried that burden here. He admits that he did not exhaust his first two claims during state court review. The application for leave to appeal filed in the Michigan Court of Appeals, which was attached to his habeas petition, confirms that his first and second habeas claims were not presented to that court. Looking at the application, it also is debatable whether Price's third habeas claim was exhausted, although it appears his fourth habeas claim was presented to the state courts. When a state prisoner files a habeas petition that included both unexhausted and exhausted claims (a "mixed petition"), district courts generally will dismiss the

petition without prejudice, meaning that the petitioner can try again after deleting the unexhausted claims or returning to state court to exhaust them. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Sometimes a habeas corpus petition may be held in abeyance while the petitioner returns to state court. For instance, when a habeas petition raising both exhausted and unexhausted claims is filed here, we sometimes hold that petition in abeyance while the prisoner completes his tasks in the state courts on the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). But here, a stay is neither necessary nor appropriate. Price has not requested a stay, and he has not asserted that his circumstances justify one. And Price has sufficient time remaining on his limitations period to exhaust his state court remedies on the claims he wishes to raise in this Court.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2241 *et seq.*, amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Froman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. 28 U.S.C. § 2244(d)(1)(A). A habeas corpus petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694 (6th Cir. 2000) (case filed thirteen days after the limitations period expired dismissed for failure to comply), *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc).

Price's application for leave to appeal filed in the Michigan Supreme Court was denied on February 2, 2021. *People v. Price*, Mich. Sup. Ct. No. 162140 (Feb. 2, 2021). Price did not file a petition for writ of *certiorari* in the United States Supreme Court. The one-year period for filing a petition for habeas corpus therefore did not start until 90 days after the Michigan Supreme Court's decision, which computes to May 3, 2021. *See Jimenez v. Quarterman*, 555 U.S. 113, 119

(2009). The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). At this point, however, Price has several months remaining before the statute of limitations expires.

The limitations period is tolled during the pendency of a "properly filed" motion for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2). Therefore, if Price promptly and properly initiates his state court post-conviction proceedings, he should have sufficient time after the conclusion of those proceedings in the state courts to file his new habeas corpus petition timely in a federal district court. Because it appears that Price has sufficient time to exhaust his state court remedies within the statutory period, there is no need to hold the present petition in abeyance.

The Michigan Court Rules outline the process for those state post-conviction proceedings, by which Price may raise his unexhausted claims in state court on collateral review. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on Price's claims. He must appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of *certiorari* in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195–96 & n. 3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Price's unexhausted claims should be addressed to, and considered by, the state

courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review

III.

Price did not exhaust in state court all the claims he wants this Court to decide, as outlined in this petition for a writ of habeas corpus.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: June 28, 2021